**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRANKIE MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.   4:25-cv-1440 |
| v. | ) | |
| | ) | |
| FIRST STUDENT, INC. and | ) | |
| CLARENCE SCALES, DECEASED, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FIRST STUDENT, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant First Student, Inc., by and through its undersigned attorneys, hereby removes this action from the Missouri Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of this Notice, Defendant states:

1.  On or about September 8, 2025, Plaintiff Frankie Mosley filed this action for personal injuries against Defendants First Student, Inc. and Clarence Scales, Deceased in the Twenty-Second Judicial Circuit, St. Louis City, Missouri in the civil action styled *Frankie Mosley v. First Student Inc and Clarence Scales* Cause No. 2522-CC09248. Plaintiff seeks damages for personal injuries allegedly sustained as a result of an alleged automobile accident on April 20, 2021.

2.  This case arises from the same alleged accident as a prior action filed in the Twenty-Second Judicial Circuit, St. Louis City on or about April 18, 2023, styled *Frankie Mosley v. First Student Inc. et al* Cause No. 2322-CC00769. Plaintiff subsequently dismissed that action on or about July 21, 2025.

3.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served on Defendant in the current action, as well as the complete file from the state court, is attached hereto as Exhibit A and is incorporated herein by reference.

4.     This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction over this action.

**Diversity of Citizenship**

5.     Both at the time this action was commenced and at the time of this removal, Plaintiff Frankie Mosley was and is a resident and citizen of the State of Illinois. (Petition, ¶ 1, attached as Exhibit B).

6.     Both at the time this action was commenced and at the time of this removal, Defendant First Student, Inc. was and is a Delaware corporation with its principal place of business in the State of Ohio; thus, Defendant First Student, Inc. is not a citizen of the State of Missouri. 28 U.S.C. § 1332(c)(1). (See screenshot of Missouri Secretary of State attached as Exhibit C, First Student corporate filings attached as Exhibit D and Exhibit E, and Answer filed contemporaneously with this removal and attached as Exhibit F).

7.     Defendant Clarence Scales is alleged to be a citizen of the State of Missouri (Petition, ¶ 3, attached as Exhibit B). However, as explained below, Clarence Scales is not properly before this Court as he is deceased, and dead persons cannot be sued.

8.     Clarence Scales died on May 10, 2023. (Obituary attached as Exhibit G).

9. One cannot sue dead people, and a suit naming a dead person is a nullity. *See LN Management, LLC v. JP Morgan Chase Bank, N.A.*, 957 F.3d 943, 951 (9th Cir. 2020) (noting unanimity among circuits which have ruled on the issue).

10. Federal jurisdiction in diversity cases is determined by the citizenship of the parties at the time the action is commenced and at the time of removal, as established under 28 USCS § 1332 and related statutes.

11. Considering the citizenship of all of the defendants properly named and served in the complaint, complete diversity of the parties exists.

12. The "forum defendant rule" set forth at 28 U.S.C. § 1441(b)(2) does not preclude removal because Defendant Scales, his estate, or a defendant ad litem has not been properly joined and served. Section 1441(b)(2) states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined and served*** is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

13. The Eighth Circuit has noted that when complete diversity exists, and the in-state defendant has not been properly joined and served, "many courts have held that the forum-defendant rule does not apply. A defendant can remove the case to federal court, assuming there is 'original jurisdiction,' if the forum-state defendant has yet to be 'properly . . . served.'" *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109-10 (8th Cir. 2023) (citing 28 U.S.C. § 1441(b)(2), *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485-87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151-54 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)).

14. As set forth above, Defendant Scales has not been properly joined and served (nor can he be, for the reasons stated above, namely the fact that he has been dead since 2023). Therefore, his "citizenship" does not preclude removal of this matter under a plain reading of 28 U.S.C. § 1441(b)(2). Plaintiff and Defendant First Student, Inc. are citizens of different states and, as set forth below, the amount in controversy requirement is satisfied. Therefore, this matter is properly removed to this Court.

**Amount in Controversy**

15. When removal is based on diversity jurisdiction, "the notice of removal may assert the amount in controversy if the initial pleading seeks…a money judgment, but the State practice either does not permit demand for specific sums or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). Here, Plaintiff seeks an unspecified amount of damages as a result of the alleged subject automobile accident.

16. "When damages are pleaded in this way, the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) (internal quotations omitted).

17. A removing party may demonstrate that the amount in controversy requirement is satisfied by showing that a fact finder could legally award more than $75,000 *Id.*, *see also Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

18. In establishing the amount in controversy, the removing defendant may rely on "[the] plaintiff's representations, including settlement offers by plaintiff exceeding the jurisdictional amount…or an extensive list of serious and disabling injuries suffered by the

plaintiff." *Hall v. Vlahoulis*, No. 06-6107-CV-SJ-FJG, 2007 U.S. Dist. LEXIS 8043, at *4-5 (W.D. Mo. Feb. 5, 2007).

19. Here, on March 15, 2023, a demand was presented to the insurance carrier for Defendant First Student, Inc. regarding the accident alleged in this action seeking settlement for "Policy Limits." (Exhibit H, p. 5). The demand further claims economic damages of $282,395.87 (Exhibit H, p. 3), claims future medical treatment (Exhibit H, p. 3), and seeks non-economic damages of $1,382,408.00 (Exhibit H, p. 4).

20. Further, Plaintiff's Petition claims medical expenses dating back the alleged accident on April 20, 2021, "further expense for additional care and treatment in the future," lost wages dating back the alleged accident on April 20, 2021, and continued lost wages "well into the future," and "mental suffering and worry." (Petition, ¶¶ 13-15). Plaintiff has also pleaded his intention to seek punitive damages. (Petition, ¶29).

21. Based on the foregoing alleged serious and progressive injuries, it is quite clear a jury could legally award Plaintiff an amount in excess of $75,000. Accordingly, the amount in controversy requirement is satisfied.

**Venue and Timeliness**

22. This action is being removed to the District Court of the United States for the district embracing the place where the action is pending. 28 U.S.C. § 1441(a).

23. This Notice of Removal is timely filed. Defendant First Student, Inc. accepted service on September 22, 2025. This Notice of Removal is filed within thirty (30) days after the service of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros v. Michetti Pipe Stringing,*

*Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day time period under the removal statute begins to run from the date of formal service).

24. Pursuant to the provisions of 28 U.S.C. § 1446(d), Defendant First Student, Inc. will give Plaintiff written notice of the filing of this Notice of Removal and shall file written notice of the filing of this Notice of Removal with the Missouri Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri.

WHEREFORE, Defendant First Student, Inc. gives notice that the matter styled as *Frankie Mosley v. First Student Inc and Clarence Scales* Cause No. 2522-CC09248, in the Missouri Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri, is removed to the United States District Court for the Eastern District of Missouri.

HEPLERBROOM LLC

By: */s/ Meg L. Fowler*
Meg L. Fowler No. 53776MO
701 Market Street, Suite 1400
St. Louis, MO 63101
314-241-6160
314-241-6116 Fax
mlf@heplerbroom.com
*Attorneys for First Student, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2025, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Meg L. Fowler*