UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANKIE MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-CV-1440-CMS |
| ) | |
| FIRST STUDENT, INC., and CLARENCE ) | |
| SCALES, *deceased*. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Frankie Mosley's Motion for Appointment of Defendant Ad Litem, (Doc. 7), and Motion to Remand Case to State Court, (Doc. 10). First, regarding the Motion to Remand, 28 U.S.C. § 1441(b)(2) does not bar "snap removal," a motion to appoint a defendant ad litem does not relate back to the time of filing the motion, and Defendant First Student, Inc., was not required to be formally served before removing this case. Therefore, the Court will deny Plaintiff's Motion to Remand Case to State Court. Second, because Plaintiff has not provided proof of liability insurance coverage for Defendant Clarence Scales, the Court will deny without prejudice Plaintiff's Motion for Appointment of Defendant Ad Litem.

## BACKGROUND

Plaintiff originally filed this action against Defendant First Student, Inc. (hereafter "First Student") and Defendant Scales, deceased, in Missouri state court on September 8, 2025. (Doc. 1 ¶1); *see* (Doc. 1-2). Plaintiff alleges that he was injured in an automobile accident on April 20, 2021, and seeks damages from the Defendants in excess of $75,000. (Doc. 1 ¶¶1, 15–21). Plaintiff and Defendant First Student agree that Defendant Scales died on May 10, 2023. (Docs. 1 ¶8, 7 ¶2); *see* (Doc. 1-7). On the day of filing, Plaintiff moved for the appointment of a defendant ad litem

for deceased Defendant Scales, invoking MO. REV. STAT. § 507.100 and Missouri Rule of Civil Procedure 52.13. (Doc. 7).

On September 23, 2025, Defendant First Student removed this case from Missouri state court to this Court, invoking diversity jurisdiction. (Doc. 1 ¶4); *see* 28 U.S.C. §§ 1332(a), 1441(a). Plaintiff's Motion for Appointment of Defendant Ad Litem, (Doc. 7), was still pending when Defendant First Student removed this action to this Court. (Doc. 11 ¶2). The following day, Plaintiff moved to remand this case to state court, arguing that the forum-defendant rule, 28 U.S.C. § 1441(b)(2), bars this action from being removed to federal court. (Doc. 10 at 1); *see* (Doc. 14 at 4); 28 U.S.C. § 1447(c).[1]

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 708 (8th Cir. 2023) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). Federal district courts have original jurisdiction over all civil actions between citizens of different states "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Generally, a civil action brought in state court may be removed by the defendant to federal court, provided that the action could have originally been brought in federal court. 28 U.S.C. § 1441(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

---

[1] Plaintiff additionally argued that complete diversity under 28 U.S.C. § 1332 was lacking because "this action includes a Missouri plaintiff and a Missouri defendant." (Doc. 11 ¶17). Plaintiff subsequently abandoned this argument and acknowledged that "Plaintiff is an Illinois resident." (Doc. 14 at 4 n.1).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c). Courts should resolve all doubts about federal jurisdiction in favor of remand to state court. *See Johnson v. Midwest Div. - RBH, LLC*, 88 F.4th 731, 735 (8th Cir. 2023). That said, "[f]ederal courts have a 'virtually unflagging obligation' to decide cases that fall within their jurisdiction." *Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

## DISCUSSION

Section 1332(a)(1) vests this Court with subject-matter jurisdiction over this action. That the amount in controversy exceeds $75,000 has never been in dispute. Plaintiff's Complaint seeks "such an amount as is fair and reasonable in excess of $25,000.00" in damages for each of the five counts, *see* (Doc. 1-2), and Plaintiff has not challenged Defendant First Student's argument that "a jury could legally award Plaintiff an amount in excess of $75,000," (Doc. 1 ¶¶ 15–21).

Plaintiff and Defendant First Student also now appear to agree that complete diversity of citizenship exists. Plaintiff is a citizen of Illinois. (Docs. 13 at 1–2, 14 at 4 n.1). Defendant First Student is "a Delaware corporation with its principal place of business in the State of Ohio." (Doc. 13 at 5); *see* (Docs. 1-3, 10 at 1). Defendant Scales was a Missouri resident as the time of his death in 2023. (Docs. 11 ¶13, 13 at 2). While Plaintiff and Defendant First Student disagree whether Defendant Scales was a "real party in interest" at the time of removal, see (Docs. 11 ¶16, 13 at 2), diversity of citizenship would exist in either case.[2]

---

[2] Additionally, the appointment of a defendant ad litem would not impact diversity of citizenship, because "a nominal party's presence in the case may be ignored in determining jurisdiction."

3

I. **Removal**

While civil actions brought in state court generally may be removed by the defendant to federal court when that action could have otherwise originally been brought in federal court, there are situations in which removal is barred. 28 U.S.C. § 1441(a). Plaintiff argues that the forum-defendant rule, 28 U.S.C. § 1441(b)(2), prevents this action from being validly removed to federal court. (Doc. 10 at 1). Specifically, Plaintiff argues that removal was barred because Defendant First Student "removed the case to federal court at a time when an in-state deceased defendant was named in the suit, a motion for defendant ad litem was pending before the Court and [Defendant] First Student had not been served." *Id*.

    a. *Deceased Defendants and "Snap Removal"*

"[A] party cannot maintain a suit . . . against . . . a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Thus, "when a dead person is named as a party, the dead person's prior citizenship is irrelevant when determining whether the controversy is between citizens of different States." *Id.* (quotation omitted). Defendant Scales, now deceased for more than two years, is not considered a citizen Missouri in his own right for purposes of the forum-defendant rule. Defendant First Student correctly notes the inherent impossibility of properly serving and joining a deceased defendant. (Doc. 13 at 3).

Plaintiff contends that, because he requested the appointment of a successor in the form of a defendant ad litem before removal, Defendant Scales was functionally "properly joined and

---

*Hendrix v. Curtis*, No. 4:09CV1079 HEA, 2009 WL 4801482, at *1 (E.D. Mo. Dec. 9, 2009) (quotation omitted).

4

served" for purposes of 28 U.S.C. § 1441(b)(2). (Doc. 14 at 1). Plaintiff argues that 28 U.S.C. § 1441(b)(2) precludes "snap removal" as employed by Defendant First Student because snap removal subverts the core purpose of the forum-defendant rule. *Id.* at 2.

Snap removal is a rare procedural maneuver whereby an action is removed to federal court by a non-forum state defendant before the plaintiff properly joins and serves a forum-state defendant, whose proper joinder and service would then preclude removal according to the forum-defendant rule. *See M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023). The Eighth Circuit has not weighed in on the question of whether Section 1441(b)(2) permits snap removal but has held that the forum-defendant rule is not jurisdictional. *Id.* at 1109–1110.

Other circuits have held that the plain text of Section 1441(b)(2) permits snap removal, and this Court finds those arguments persuasive. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text . . . Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485–487 (5th Cir. 2020) (holding that the plain language of Section 1441(b)(2) permits snap removal and that it is not "absurd" or irrational to permit snap removal). Thus, the Court will not remand this action on the basis that Defendant First Student engaged in snap removal.

### b. *Relation Back of Motion for Appointment of Defendant Ad Litem*

Plaintiff additionally argues that because "the power to appoint a defendant ad litem is a procedural mechanism, not a substantive or jurisdictional bar . . . the deceased should be deemed before the court for both substantive and procedural purposes" as soon as Plaintiff filed the motion

5

for appointment of a defendant ad litem. (Doc. 14 at 3). While he concedes "there is no Missouri law that expressly holds appointment of a defendant ad litem 'relates back,'" Plaintiff nonetheless maintains that Missouri's general statutory framework requires the appointment of a defendant ad litem to relate back "to the filing and motion for appointment." *Id*. at 4. Defendant First Student argues that this district has already rejected Plaintiff's relation back argument. (Doc. 13 at 2–3) (citing *Tillman v. BNSF Ry. Co.*, No. 1:20 CV 00178 SNLJ, 2021 WL 842600, at *4 (E.D. Mo. Mar. 5, 2021)).

The Court is not convinced by Plaintiff's "relation back" argument. The plain language of Mo. Rev. Stat. § 537.021.1 provides, in relevant part:

> The existence of a cause of action for an injury to property, for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of:
> . . .
>
> (2) A personal representative of the estate of a wrongdoer upon the death of such wrongdoer; provided that, if a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem. The defendant ad litem *when so appointed* shall serve and act as the named party defendant in such actions in the capacity of legal representative of the deceased wrongdoer.

(emphasis added). "Under the plain language of the ad litem statute, a defendant ad litem only becomes the defendant when the court appoints [him]." *Tillman*, 2021 WL 842600, at *4 (E.D. Mo. Mar. 5, 2021). Additionally, under Missouri law, a plaintiff must provide proof of the existence of insurance of the deceased tortfeasor before a defendant ad litem may be appointed. *See Doe v. Kirkwood R-7 Sch. Dist.*, No. 4:21-CV-01130-AGF, 2022 WL 278745, at *2 (E.D. Mo. Jan. 31, 2022) (collecting cases). If, for example, a plaintiff failed to provide proof of insurance as part of a motion for an appointment of a defendant ad litem, it would be nonsensical for a federal

6

court to allow the motion to relate back to the time of filing and remand the case, given that the underlying motion would then be denied in state court.

Because Plaintiff's Motion for Appointment of Defendant Ad Litem, (Doc. 7), does not relate back to the time of filing, Defendant Scales was not properly joined and served at the time of removal.

### c. Service of Defendant First Student

Plaintiff has also argued that Defendant First Student was barred from removing this action because it was not served at the time of removal (Doc. 10 at 1). Defendant First Student argues it had waived service and that "formal service is not a prerequisite to First Student's notice of removal." (Doc. 13 at 6–7). The Court need not address whether waiver of service occurred, because "nothing in 28 U.S.C. § 1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court." *Taylor v. Cottrell, Inc.*, No. 4:09CV536HEA, 2009 WL 1657427, at *2 (E.D. Mo. June 10, 2009) (collecting cases); *see Caranchini v. Peck*, No. 4:19-CV-00030-DGK, 2019 WL 1325927, at *2 (W.D. Mo. Mar. 25, 2019) ("Nothing in 28 U.S.C. § 1441 requires a defendant to have been served prior to removing a case to federal court"); 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through *service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.") (emphasis added).[3]

---

[3] Regarding the provision of Section 1446(b)(1) for receipt "through service or otherwise," Defendant First Student attached to its response memorandum an email sent by Plaintiff's counsel on September 22, 2025, that included "Summons, Petition, Discovery and Certificate of Service for same." (Doc. 13-2).

7

Having established that Section 1441(b)(2) does not bar "snap removal," a motion to appoint a defendant ad litem does not relate back to the time of filing the motion, and formal service is not required prior to removal, the Court finds no defect with Defendant First Student's removal of this action to federal court.

**II.     Appointment of a Defendant Ad Litem**

Having established that this Court has subject-matter jurisdiction and that Defendant First Student's removal to this Court was proper, the Court will now address Plaintiff's Motion for Appointment of Defendant Ad Litem. (Doc. 7).

Plaintiff's motion invokes MO. REV. STAT. § 507.100 and Missouri Rule of Civil Procedure 52.13. *Id*. Those authorities are inapt because they concern substitution of already joined parties, as opposed to the initiation of a new action against the successor of a deceased individual as Plaintiff appears to have intended. As Plaintiff correctly identifies in his Reply Memorandum, (Doc. 14), MO. REV. STAT. § 537.021 provides the statutory mechanism for the appointment of a defendant ad litem in Missouri. *See Am. Home Assur. Co. v. Pope*, 487 F.3d 590, 605 (8th Cir. 2007) ("In Missouri . . . injured parties may maintain a cause of action against deceased parties. MO. REV. STAT. § 537.021.1(2). If a deceased tortfeasor is insured and the injured party seeks recovery from the insurer only, the court will appoint a defendant ad litem for the deceased.").

Missouri law requires a plaintiff to provide proof of the existence of liability insurance coverage of the deceased tortfeasor before a defendant ad litem may be appointed. *See Kirkwood R-7 Sch. Dist.*, 2022 WL 278745, at *2 (E.D. Mo. Jan. 31, 2022) (collecting cases). As Plaintiff has not proved, or even offered proof of, the existence of liability insurance coverage that insured

8

Defendant Scales, the Court will deny Plaintiff's motion without prejudice and afford Plaintiff an opportunity to refile the motion if he can provide such proof.[4]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand Case to State Court is **DENIED**. (Doc. No. 10). **IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Defendant Ad Litem is **DENIED** without prejudice. (Doc. No. 7).

So ordered this 3rd day of December 2025.

_____
**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that Defendant First Student has filed an exhibit that establishes the existence of liability insurance coverage, (Doc. 1-8), but neither that filing, nor any of Plaintiff's filings, establish that Defendant Scales was insured by the policy referenced in Defendant First Student's exhibit.

9